CASE 56.—PROSECUTION AGAINST WILLIAM CALLAHAN FOR FIRING A DEADLY WEAPON AT RANDOM UPON THE PUBLIC HIGHWAY.—January 25.

# Callahan v. Commonwealth

Appeal from Leslie Circuit Court.

T. G. Lewis, Special Judge.

Defendant convicted and appeals.    Reversed.

Shooting at Random on Public Highway—What Constitutes Offense.—Where persons engaged for pastime in shooting from the public highway with pistols at a mark on a hillside, outside of the highway, and not in range of persons near the highway or traveling thereon, or in the direction of a dwelling

house, they are not guilty of the offense of shooting at random upon the public highway, under Kentucky Statutes, section 1308.

J. M. MUNCY, attorney for appellant.

We submit that the court erred in its instructions to the jury. The meaning of the word "random" is: A roving motion or course without direction; hazard; chance; and the definition of "at random" is: without a settled point of direction; at hazard. (Webster.)

N. B. HAYS, Attorney General, and C. H. MORRIS, for appellee.

The court gave the following instructions: "Shooting at an object or target upon or along the highway means shooting at random in the meaning of the law."

This instruction was erroneous. It should have been as follows: "Shooting at random in the meaning of the law, means, shooting without any settled aim, purpose, or direction; left to chance; casual or haphazard."

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was convicted and find $50 in the court below, under an indictment charging him with the offense of firing, at random, a deadly weapon on the public highway. He contends that he was improperly convicted, and should have been granted a new trial, and this appeal presents for our consideration the several alleged errors of which he complains. The facts as shown by the evidence were that appellant and others engaged in the pastime of shooting with pistols at a mark. While shooting they stood upon the side of, yet in, the public highway. The mark at which the shots were directed was on a hillside, and to one side of the highway, and it was not made to appear that the shooting was in the range of persons near the highway, or traveling thereon, or in the direction of a dwelling house.

Callahan v. Commonwealth.

It is contended by appellant that the instructions given the jury did not contain the law applicable to the facts of the case, and that the court erred in refusing to give the peremptory instruction asked by him after the evidence was all heard by the jury. The first instruction follows the indictment and appears to be unobjectionable in form. Nos. 3 and 4 are also substantially correct, unless the jury should have been given a peremptory instruction to find appellant not guilty. But instruction No. 2 incorrectly gave the law on the point in respect to which it attempted to advise the jury. It is as follows: "Gentlemen, shooting at an object or target upon or along a public highway, means shooting at random, in the meaning of the law." Tested by a former opinion of this court, the above instruction is radically wrong. The opinion referred to was delivered in the case of Commonwealth v. Bynum, 50 S. W. 843, 20 Ky. Law Rep. 1982. Though the opinion was not marked "to be reported," the case was considered, and the decision concurred in by the whole court. The indictment, as in the case at bar, charged the defendant with the offense of shooting at random on the public highway. A jury was waived by the defendant in the circuit court, and the case submitted to the court upon certain agreed facts. The facts were that the defendant, late at night, when to a tent meeting. Upon his arrival he found that the meeting had adjourned, and the congregation had left the grounds. From his buggy in the highway he shot a dog that was standing on the tent ground near by. The court adjudged the defendant not guilty, and from that judgment the commonwealth appealed. In passing upon the same question presented on the appeal, this court said: "Under these facts we are of opinion, as was the trial court, that appellee was not guilty of shooting at

random. The shot was not aimless or at haphazard, but was at a definite, specific thing. If the statute had intended to prohibit useless and unnecessary shooting on the public highway, no matter whether at a definite thing or not, as counsel for the State contends, it seems to us that very inapt words were used in the statute. If the lawmakers had intended the law to be as contended, they could easily have so framed the law. The difficulty in the way of such an act as counsel contends this to be and mean is that it would be a question of whether the shot was useless or unnecessary, if, indeed, any shot on the highway is necessary. * * * The statute can only mean shooting aimlessly, at haphazard, recklessly, without a definite object aimed at in the range of the weapon. As said by the learned trial judge in his opinion: 'It seems that the word random in this section has its popular meaning, done at hazard, or without any settled aim, purpose, or direction; left to chance, casual or haphazard. Webster. When the phrase at random is used it is applied only to anything done at haphazard, or chance. Encyclopædia Dictionary. It therefore follows that, when the defendant, with a fixed purpose, intentionally shot at a dog, or shot a dog, he was not in any sense of the word guilty of shooting at random.'' This in our opinion fairly states the law. If unnecessarily shooting an unoffending dog was not shooting at random, we are at a loss to understand how shooting at a mark or target can be shooting at random. In shooting at a mark appellant was not shooting at random; that is, aimlessly or at haphazard. The shooting was with settled aim, at a definite object, and for a definite purpose, though done from the public highway. The shooting was unnecessary, but if, as held in the case supra, that fact, together with its having

been done in the public highway, did not constitute the offense denounced by the statute, appellant was improperly convicted. It therefore follows that the court should have complied with his request, and granted the peremptory instruction directing the jury to find him not guilty.

Judgment reversed, and cause remanded for a new trial, and other proceedings consistent with the opinion.

CHIEF JUSTICE O'REAR and JUDGE LASSING dissent.